UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 16-17141-JGR |
| Dennis K. Obduskey, | (Chapter 13) |
| Debtor. | **Judge Joseph G. Rosania** |

OBJECTION TO CONFIRMATION OF FOURTH AMENDED
CHAPTER 13 PLAN

    Wells Fargo Bank, N.A., its assignees and/or successors, ("Secured Creditor"), hereby submits the following Objections to Confirmation of the Fourth Amended Chapter 13 Plan proposed by Dennis K. Obduskey (the "Debtor").

1. Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on June 1, 2037, and is secured by a Deed of Trust on the subject property commonly known as 132 Wagon Tongue Road, Bailey, CO 80421.

2. Secured Creditor filed a Proof of Claim on August 3, 2016, at Claim #1 (the "Proof of Claim"). The pre-petition arrears owed to Secured Creditor as of the date of filing of Debtor's bankruptcy petition, as listed in the Proof of Claim, are $194,845.32.

3. Debtor's Proposed Fourth Amended Plan does not sufficiently address all objections as stated in the Objections To Confirmation of Chapter 13 Plan filed by Secured Creditor on August 23, 2016, January 26, 2017, and February 28, 2017.

4. Pursuant to Debtor's filed Schedules I and J, Debtor does not have sufficient net monthly income to fund a plan that would pay Secured Creditor's claim in full. As such, Debtor's Debtor's Proposed Fourth Amended Plan is not feasible.

5. Debtor's Proposed Fourth Amended Plan indicates in Section III.A.1. that Debtor will make trustee plan payments as follows: 48 payments of $450.00 each and 12 payments of $18,950.00 each. Pursuant to Debtor's filed Schedules I and J, Debtor does not have sufficient net monthly income to make payments in the amount of $18,950.00. As such, Debtor's Debtor's Proposed Fourth Amended Plan is not feasible.

6. Debtor's Proposed Fourth Amended Plan indicates in Section V.G. that this plan "will be amended or modified to reflect any agreement(s) reached with Wells Fargo concerning the Debtor's mortgage." Debtor's most recent off to settle the mortgage for less than the full amount owed was not accepted by Secured Creditor. Before that, Debtor declined to accept the most recent loan modification offered to him by Secured Creditor. Further, Debtor's lawsuit against Secured Creditor has been dismissed with prejudice, although

1

    this matter is pending appeal. As such, Section V.G. contemplates impossible and/or unlikely circumstances to fund Debtor's Plan. A plan that is contingent upon a speculative, uncertain event taking place should not be confirmed. *In Re Gavia*, (9th Cir. BAP 1982), 24 BR 573 at 574; and *In Re Nantz*, 75 BR 617 at 618-619, (Bankr. Court, ED Missouri 1987).

7. Debtor's Proposed Fourth Amended Plan incorrectly states the amount of the monthly post-petition payment to be made directly to Secured Creditor. The correct amount of the monthly post-petition payment to be made directly to Secured Creditor is $2,180.55.

8. Debtor's case has been pending for more than 11 months and he has failed to address the objection as stated herein. Debtor's case is a subterfuge to avoid foreclosure and not a legitimate effort to reorganize under the Bankruptcy code. Debtor's case should be dismissed due to unreasonable delay in confirmation of a plan. 11 U.S. Code § 1307(c)(1).

9. Debtor's Proposed Fourth Amended Plan does not comply with all applicable provisions of 11 U.S.C. § 1325 and as such, should not be confirmed.

WHEREFORE, Secured Creditor prays as follows:

    1. That Debtor's case be dismissed pursuant to 11 U.S. Code § 1307(c)(1); OR

    2. That confirmation of the Proposed Third Amended Chapter 13 Plan be denied, or in the alternative, that the Proposed Third Amended Chapter 13 Plan be amended to provide for the objections as stated herein; AND

    3. For attorneys' fees and costs herein; AND

    4. For such other relief as this Court deems proper.

Respectfully submitted,
**McCarthy & Holthus, LLP**

7/5/2017

By: */s/ Jennifer Cruseturner*
Jennifer Cruseturner, Esq. Atty. Reg. No. 44452
7700 E. Arapahoe Road, Ste. 230
Centennial, CO 80112
Telephone: (877) 369-6122
E-mail: jcruseturner@mccarthyholthus.com;

Attorneys for Wells Fargo Bank, N.A., its assignees and/or successors

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| In re: | Case No. 16-17141-JGR |
|---|---|
| Dennis K. Obduskey, | (Chapter 13) |
| Debtor. | **Judge Joseph G. Rosania** |

**CERTIFICATE OF SERVICE**

On 7/5/2017, I served the foregoing **OBJECTION TO CONFIRMATION OF FOURTH AMENDED CHAPTER 13 PLAN** on the following individuals by electronic means through the Court's ECF program

| **TRUSTEE** | **DEBTOR(S) COUNSEL** |
|---|---|
| Douglas B. Kiel | Jane M. Roberson |
| ecfmail@denver13.com | Roberson@JustAskJane.info |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Dated: 7/5/2017

/s/ Salvador Arroyo
Salvador Arroyo

On 7/5/2017, I served the foregoing **OBJECTION TO CONFIRMATION OF FOURTH AMENDED CHAPTER 13 PLAN** on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Dennis K. Obduskey, 132 Wagon Tongue Rd, Bailey, CO 80421

**DEBTOR(S) COUNSEL**
Jane M. Roberson, 720 S. Colorado Blvd., Ste., 630-S, Denver, CO 80246

**TRUSTEE**
Douglas B. Kiel, Chapter 13 Trustee, 4725 S. Monaco St., Ste. 120, Denver, CO 80237

**US TRUSTEE**
Byron G. Rogers Federal Building, 1961 Stout St., Ste. 12-200, Denver, CO 80294

**SPECIAL NOTICE(S)**
Synchrony Bank c/o Recovery Management Systems Corporation, Attn: Managing Agent, 25 SE 2nd Avenue, Suite 1120, Miami, FL 33131

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 7/5/2017

/s/ Christian Aguilar
Christian Aguilar

1