UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:   DENNIS K. OBDUSKEY            )
                                        )   Case No.  16-17141 JGR
_____    )   Chapter 13
                                        )
DENNIS K. OBDUSKEY,                    )
                        Movant          )
v.                                      )
                                        )
Wells Fargo Bank, N.A.                 )
                                        )
                        Respondent      )

## DEBTOR'S OBJECTION TO CLAIM OF WELLS FARGO BANK, N.A.

DENNIS K. OBDUSKEY ("Debtor"), through his undersigned counsel, respectfully submits his Objection to the Claim Wells Fargo Bank, N.A. ("Wells Fargo"), and states as follows:

1. The Debtor filed for relief under Chapter 13 of Title 11 of the United State Code (the "Bankruptcy Code") on July 19, 2016 (the "Petition Date").

2. Prior to filing for relief, Mr. Obduskey had executed an Interest-Only Period Fixed Rate Note in favor of First Magnus Financial Corporation, an Arizona Corporation ("First Magnus") on May 31, 2007 against his personal residence known as 132 Wagon Tongue Road, Bailey, CO 80421.

3. When the Debtor filed for relief, the Debtor scheduled Wells Fargo Bank, as a secured creditor based upon pre-bankruptcy representations of Wells Fargo and the representations of their counsel, McCarthy & Holthus, LLP.

4. On August 3, 2016 Wells Fargo filed a Proof of Claim in this bankruptcy case alleging that it is the owner or the Note, and that the claim had not been acquired from someone else. *See Claim 1.* Attached to Wells Fargo's Proof of Claim No. 1-1 was a copy of the First Magnus Note. The stamps on the back of the Note are not dated and the Wells Fargo stamp is voided. First Magnus assigned ownership of the Note and Deed of Trust to Wells Fargo on May 3, 2011. *See Claim 1 Exhibit 1, page 4.*

5.  The assertion in Proof of Claim No. 1 that Wells Fargo is the true creditor in this case is contrary to the assertions Wells Fargo has made in the past concerning the identity of the true creditor.

6.  Upon information and belief, Wells Fargo has asserted as recently as January 19, 2017 in court filings that it has never been the creditor and is only the servicer of the loan, which is held by Freddie Mac. *See* 10th Circuit Court of Appeals, Appellate Case 16-330 document 01019573001, page 11  a copy of page 11 is attached as "**Exhibit 4**".

7.  On May 15, 2017, the debtor, through counsel, sent a Qualified Written Request pursuant to the Real Estate Settlement Procedures Act requesting that Wells Fargo disclose the identity of the true lender, the existence of the debt and Wells Fargo's authority to collect on behalf of the lender. A copy of which is attached hereto as **Exhibit "1"**.

8.  On May 26, 2017 Wells Fargo sent a letter to Steven Hill, Esq. and Undersigned stating that Wells Fargo is the servicer of the loan for owner/assignee Freddie Mac. A copy of which is attached hereto as **Exhibit "2"**.

9.  On June 12, 2017, Wells Fargo amended its Proof of Claim, and once again checked the box that said the claim had not been acquired from someone else.

10. On July 13, 2017, Wells Fargo finally responded to the Qualified Written Request referenced in paragraph 5. In its response, Wells Fargo states that it was only assigned the servicing of the loan in 2011, which "*has always been owned by Freddie Mac*". However, Wells Fargo asserts in its Proof of Claim No. 1 that it is the true creditor. A copy Wells Fargo's response is attached hereto as **Exhibit "3"**.

11. While filing a proof of claim constitutes prima facie evidence of a claim, such presumption is rebuttable. Fed.R.Bankr.P. 3001(f); *In re Kirkland*, 572 F.3d 838 (10th Cir. 2009). If evidence rebutting a proof of claim is brought forth, then the claimant must produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *Id. See Wilson v. Broadband Wireless Int'l Corp. (In re Broadband Wireless Int'l Corp.)*, 295 B.R. 140 (10th Cir. BAP 2003)(discussing burden of proof in claims objection proceeding and noting that if a proof of claim is executed or filed improperly it "is not prima facie evidence of [the] claim, and [the claimant] would have the initial burden of proving that a claim exists and the amount of that claim."). If the creditor fails to carry its ultimate burden of proving validity and amount of its claim, a debtor's objection should be sustained. *In re Geneva Steel Co.*, 260 B.R. 517 (10th BAP 2001), judgment aff'd 281 F.3d 1173 (10th Cir. 2002). The ultimate burden of persuasion

as to the claim's validity and amount rests with the claimant. *In re Harrison*, 987 F.2d 677, 680 (10th Cir. 1993).

12. Wells Fargo asserts in Proof of Claim No. 1, that it is not only has a claim in this case, but that it is the true creditor and that it did not acquire the claim from another party. In the letter sent to Steven Hill, Esq. on July 13, 2017, Wells Fargo states that the "assignment recorded in 2011 only assigned the servicing of the loan to Wells Fargo"(*See* **Exhibit "3"**) This is a direct contradiction to the MERS report dated December 27, 2010 that shows Wells Fargo as the servicer of the loan, but does not disclose the identity of the investor. (*See* **Exhibit 1**, *page 9*)

13. Colorado's foreclosure statute, C.R.S. 38-38-100.3, defines the holder of an evidence of debt as:

> 10) "Holder of an evidence of debt" means the person in actual possession of or person entitled to enforce an evidence of debt; except that "holder of an evidence of debt" does not include a person acting as a nominee solely for the purpose of holding the evidence of debt or deed of trust as an electronic registry without any authority to enforce the evidence of debt or deed of trust. <u>For the purposes of articles 37 to 40 of this title, the following persons are presumed to be the holder of an evidence of debt:</u>
> …
>
> <u>c) The person in possession of a negotiable instrument evidencing a debt, which has been duly negotiated to such person or to bearer or indorsed in blank; or . . . .</u> (emphasis added.)

14. "The borrower owes money not to the world at large but to a particular person or institution, and only the person or institution entitled to payment may enforce the debt by foreclosing on the security", *Yvanova v. NewCentury Mortgage Corp.* 62 Cal.4th 919 (2016*)*. "A homeowner who has been foreclosed on by one with no right to do so has suffered an injurious invasion of his or her legal rights at the foreclosing entity's hands. No more is required for standing to sue. *Id.*, 939.

15. According to F.R.B.P. 3001(c)(2):

(A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

(B) If a security interest is claimed in the debtor's property, a statement of the amount necessary to cure any default as of the date of the petition shall be filed with the proof of claim

(C) If a security interest is claimed in property that is the debtor's principal residence, the attachment prescribed by the appropriate Official Form shall be filed with the proof of claim. If an escrow account has been established in connection with the claim, an escrow account statement prepared as of the date the petition was filed and in a form consistent with applicable nonbankruptcy law shall be filed with the attachment to the proof of claim.

F.R.C.P. 3001(c)(2) (2011).

16. Wells Fargo's Proof of Claim 1-1 does not comply with F.R.B.P. 3001. The interest only loan was completed on May 31, 2007. The transaction history provided begins October 18, 2008, seventeen months after the loan was made. The balance on the interest only notice shows a principal balance of $329,000.00. There is no explanation of how the $940.00 principal was paid.

17. Pursuant to Section 105(a), this Court may enter any order as necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. §105(a). The only limitation on the Court's powers under Section 105(a) is that they may not be exercised in contravention to another section of the Code. *Law v. Siegel*, 134 S.Ct. 1188, 1194 (2014); *In re Aspen Limousine Services, Inc.*, 198 B.R. 334, 338-39 (Bankr.D.Colo. 1995).

18. At a minimum, Wells Fargo is either misleading this Court, by asserting that it is the true creditor in this case, is misleading the Debtor, by responding to his Written Qualified Request that it is not the actual creditor, or does not know the identity of the true creditor.

19. In light of the foregoing, the Debtor respectfully requests that the Court enter an order disallowing and expunging the proof of claim filed by Wells Fargo in this case.

WHEREFORE, the Debtor respectfully requests that this Court enter and Order, disallowing and expunging the Creditor's claim, and granting such other and further relief as this Court deems appropriate.

Dated: August 10, 2017

Respectfully submitted,

ROBERSON LAW, LLC

/s/ Jane M. Roberson

Jane M. Roberson, #30543
720 S. Colorado Blvd., Suite 630-S
Denver, Colorado 80246
Tel: 303-893-00833
Fax: 303-431-0633
Roberson@JustAskJane.com
Attorneys for the Debtor