**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | Case No. 16-17141-JGR |
| Dennis K. Obduskey, | (Chapter 13) |
| Debtor. | **Judge Joseph G. Romero** |

**RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM**

     Wells Fargo Bank, N.A., ("Secured Creditor"), by and through its attorneys of record, McCarthy & Holthus, LLP, hereby submits the following Response to the Debtor's Objection to Proof of Claim (the "Objection to Claim"):

**GENERAL ALLEGATIONS**

     1.     In response to the allegations contained in paragraph 1 of the Objection to Claim, Secured Creditor admits the allegations contained therein.

     2.     In response to the allegations contained in paragraph 2 of the Objection to Claim, Secured Creditor admits the allegations contained therein.

     3.     As to the allegations contained in paragraph 3 of the Objection to Claim, Secured Creditor admits that it is listed as a Creditor in Debtor's Schedules. As to the remaining allegations in paragraph 3, Secured Creditor is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore denies the same.

     4.     As to the allegations contained in paragraph 4 of the Objection to Claim, Secured Creditor admits that it filed its Proof of Claim on August 3, 2016, and that a true and correct copy of the promissory note was attached to the Proof of Claim. The promissory note attached to the Proof of Claim contains a specific endorsement from the original lender to Secured Creditor. Secured Creditor is in possession of the promissory note. As such, Secured Creditor is entitled to enforce the terms of the note and is a creditor with respect to Debtor. Part 1, Paragraph 2 of the Official Proof of Claim Form 410 asks whether the *claim* has been acquired from someone else, and is appropriately checked "no" on Secured Creditor's Proof of Claim. A claim is the right to payment and a creditor is an entity that has a claim against the debtor as of the date of the entry of the order for bankruptcy relief. 11 U.S.C. 101(5) and (10). Secured Creditor was the creditor with respect to the debt owed by Debtor to Secured Creditor as of the date of filing of his bankruptcy petition and the claim has not been transferred since the Debtor filed for

bankruptcy protection. This section of the form is meant to identify claims that transfer during the pendency of a bankruptcy, such that a debtor will know when a claim changes hands during his bankruptcy and will not pay the same claim to two creditors. There is no danger of that in the case at hand, as Secured Creditor was the entity entitled to enforce the promissory note as of the date the instant case was filed and remains the entity entitled to enforce the promissory note. As to the remaining allegations in paragraph 4, Secured Creditor is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore denies the same.

5. As to the allegations contained in paragraph 5 of the Objection to Claim, Secured Creditor denies that it has misrepresented the identity of the entity entitled to enforce the note. Wells Fargo is the holder of the note, is the entity entitled to enforce the note, and is the loan servicer for the loan. Federal Home Loan Mortgage Corporation, otherwise known as Freddie Mac, is the owner of the loan. Freddie Mac is not the holder of the note and therefore is not a creditor in this case. 11 U.S.C. 101(10). The relationship between Freddie Mac and Wells Fargo is that of principal and agent. As to the remaining allegations in paragraph 5, Secured Creditor is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore denies the same.

6. As to the allegations contained in paragraph 6 of the Objection to Claim, Secured Creditor denies that it has misrepresented the identity of the entity entitled to enforce the note. Wells Fargo is the holder of the note, is the entity entitled to enforce the note, and is the loan servicer for the loan. Federal Home Loan Mortgage Corporation, otherwise known as Freddie Mac, is the owner of the loan. Freddie Mac is not the holder of the note and therefore is not a creditor in this case. 11 U.S.C. 101(10). The relationship between Freddie Mac and Wells Fargo is that of principal and agent. As to the remaining allegations in paragraph 6, Secured Creditor is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore denies the same.

7. As to the allegations contained in paragraph 7 of the Objection to Claim, Secured Creditor is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore denies the same.

8. As to the allegations contained in paragraph 8, Secured Creditor admits the allegations contained therein.

9. As to the allegations contained in paragraph 9, Secured Creditor admits the allegations contained therein. Part 1, Paragraph 2 of the Official Proof of Claim Form 410 asks whether the *claim* has been acquired from someone else, and is appropriately checked "no" on Secured Creditor's Proof of Claim.

10. As to the allegations contained in paragraph 10 of the Objection to Claim, Secured Creditor denies that it has misrepresented the identity of the entity entitled to enforce the note. Wells Fargo is the holder of the note, is the entity entitled to enforce the note, and is the loan servicer for the loan. Federal Home Loan Mortgage Corporation, otherwise known as Freddie Mac, is the owner of the loan. Freddie Mac is not the holder of the note and therefore is not a creditor in this case. 11 U.S.C. 101(10). The relationship between Freddie Mac and Wells Fargo is that of principal and agent. As to the remaining allegations in paragraph 10, Secured Creditor is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore denies the same.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent that a response is required, Secured Creditor is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore denies the same.

12. As to the allegations contained in paragraph 12 of the Objection to Claim, Secured Creditor denies that it has misrepresented the identity of the entity entitled to enforce the note. Wells Fargo is the holder of the note, is the entity entitled to enforce the note, and is the loan servicer for the loan. Federal Home Loan Mortgage Corporation, otherwise known as Freddie Mac, is the owner of the loan. Freddie Mac is not the holder of the note and therefore is not a creditor in this case. 11 U.S.C. 101(10). The relationship between Freddie Mac and Wells Fargo is that of principal and agent. As to the remaining allegations in paragraph 12, Secured Creditor is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore denies the same.

13. Paragraph 13 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Secured Creditor is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore denies the same.

14. Paragraph 14 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Secured Creditor is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore denies the same.

15. Paragraph 15 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Secured Creditor is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore denies the same.

16. Paragraph 16 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Secured Creditor is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore denies the same. Part 5 of the Official Form 410A, as attached to the Proof of Claim, is titled "Loan Payment History from First Date of Default." As such, this section of the POC 410A Form is not required to provide a history of transactions from the inception of the loan, but rather is meant to provide details with respect to the loan starting from the first date on which the borrower failed to make a payment in accordance with the terms of the note and deed of trust.

17. Paragraph 17 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Secured Creditor is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore denies the same.

18. As to the allegations contained in paragraph 18 of the Objection to Claim, Secured Creditor denies that it has misrepresented the identity of the entity entitled to enforce the note. Wells Fargo is the holder of the note, is the entity entitled to enforce the note, and is the loan servicer for the loan. Federal Home Loan Mortgage Corporation, otherwise known as Freddie Mac, is the owner of the loan. Freddie Mac is not the holder of the note and therefore is not a creditor in this case. 11 U.S.C. 101(10). The relationship between Freddie Mac and Wells Fargo is that of principal and agent. As to the remaining allegations in paragraph 18, Secured Creditor is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore denies the same.

19. Paragraph 19 contains a prayer for relief to which no response is required. To the extent that a response is required, Secured Creditor denies the allegations contained therein.

## AFFIRMATIVE DEFENSES and RESERVATION OF RIGHT TO AMEND TO JOIN IN AND ASSERT AFFIRMATIVE DEFENSES

1. Secured Creditor categorically denies each and every allegation not specifically admitted herein.

2. At all relevant times, Secured Creditor acted reasonably, appropriately, and lawfully pursuant to its obligations under statute and common law.

3. Debtor's claims should be dismissed to the extent they fail to state claims upon which relief may be granted with respect to Secured Creditor.

4. Debtor's claims are barred to the extent they violate the equitable doctrines of waiver, estoppel, tolling, unclean hands, and laches.

5. Debtor's claims are barred to the extent he has failed to mitigate damages, if any.

6. Debtor's claims are barred and/or limited insofar as he would be unjustly enriched by the disallowing Secured Creditor's claim.

7. Secured Creditor is entitled to an offset or set off against the Debtor's claims.

8. Secured Creditor reserves the right to assert any and all other affirmative defenses that investigation, discovery, or trial reveals to be applicable, so as to avoid waiver of the same.

**WHEREFORE**, having answered Debtor's Objection to Claim, Secured Creditor respectfully requests that Debtor's Objection to Claim be overruled, that it's Proof of Claim be allowed in its entirety, that Secured Creditor be awarded attorney fees and costs incurred herein, and for such other and further relief as the Court deems just and proper.

WHEREFORE, Secured Creditor prays as follows

Dated: 09/08/2017

Respectfully submitted,
**McCarthy & Holthus, LLP**

By:  */s/ Jennifer Cruseturner, Esq.*
Jennifer Cruseturner, Esq. SBN 44452
7700 E. Arapahoe Road, Ste. 230
Centennial, CO 80112
Telephone: (877) 369-6122, x2505
E-mail: jcruseturner@mccarthyholthus.com;
Attorneys for Secured Creditor

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| In re: | Case No. 16-17141-JGR |
|---|---|
| Dennis K. Obduskey, | (Chapter 13) |
| Debtor. | **Judge Joseph G. Rosania** |

### CERTIFICATE OF SERVICE

On 9/8/2017, I served the foregoing **RESPONSE TO OBJECTION** on the following individuals by electronic means through the Court's ECF program

**TRUSTEE**                     **DEBTOR(S) COUNSEL**
Douglas B. Kiel                 Jane M. Roberson
ecfmail@denver13.com            Roberson@JustAskJane.info

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Dated: 9/8/2017                                     /s/ Salvador Arroyo
                                                    Salvador Arroyo

On 9/8/2017, I served the foregoing **RESPONSE TO OBJECTION** on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Dennis K. Obduskey, 132 Wagon Tongue Rd, Bailey, CO 80421

**DEBTOR(S) COUNSEL**
Jane M. Roberson, 720 S. Colorado Blvd., Ste., 630-S, Denver, CO 80246

**TRUSTEE**
Douglas B. Kiel, Chapter 13 Trustee, 4725 S. Monaco St., Ste. 120, Denver, CO 80237

**US TRUSTEE**
Byron G. Rogers Federal Building, 1961 Stout St., Ste. 12-200, Denver, CO 80294

**SPECIAL NOTICE(S)**
Synchrony Bank c/o Recovery Management Systems Corporation, Attn: Managing Agent, 25 SE 2nd Avenue, Suite 1120, Miami, FL 33131

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 9/8/2017                                     /s/ Christian Aguilar
                                                    Christian Aguilar