# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

IN RE:       Dennis K. Obduskey                    CHAPTER 13
                                                   Case No.: 16-17141 JGR

---

## MOTION TO STAY THE CASE AND CONTINUE THE HEARING ON THE OBJECTION TO THE PROOF OF CLAIM SCHEDULED FOR AUGUST 29, 2018

---

Dennis Obduskey, the debtor in this action, hereby submits this motion to stay the proceedings and continue the upcoming hearing on the debtor's objection to the proof of claim (which is now scheduled for August 29, 2018).

The reason for the stay is simple: debtor's related matter is now pending in the Supreme Court of the United States, and the ultimate disposition of that matter could materially affect the bankruptcy case—including by eliminating the need for the bankruptcy entirely. This Court previously recognized the obvious impact the Supreme Court case could have on these proceedings, staying all action pending the Supreme Court's disposition of debtor's petition for a writ of certiorari (*i.e.*, staying the case *before* the Supreme Court had even agreed to take it). Now that the Court has actually *granted* plenary review, the need for a continued stay is all the more compelling.

The creditor's efforts to race ahead—after acquiescing in a stay before now—are plainly designed to manipulate the atmospherics of the Supreme Court case. The same creditor had no problem maintaining the status quo for all the months while the certiorari petition was pending; the creditor's sudden switch lacks merit, and the Court should reimpose the same stay it found appropriate before Supreme Court review was certain.

At a bare minimum, the debtor seeks a modest amount of additional time to submit expert reports and prepare witnesses in response to the creditor's faulty proof of claim. This claim is exceptionally important to the bankruptcy case, and the record should be properly developed before the Court decides this critical matter.

1. The debtor filed for relief under the Bankruptcy Code on July 19, 2016.

2. When the case was filed, the debtor was simultaneously preparing to appeal the dismissal of his claims in *Obduskey v. Wells Fargo and McCarthy & Holthus*, a case pending in the U.S. District Court for the District of Colorado. The notice of appeal was filed on August 17, 2016.

3. On July 21, 2017, the debtor filed a Certificate and Motion to Determine Notice at Docket No. 55. The debtor indicated in the Certificate that he intended to file an Objection to Proof of Claim No. 1, filed by Wells Fargo.

4. On July 27, 2017, the debtor's counsel and Wells Fargo's counsel (McCarthy & Holthus) attended a status conference with the Court, which addressed the appeal pending before the U.S. Court of Appeals for the Tenth Circuit.

5. The next day, this Court issued an Order holding the status of the Amended Chapter 13 Plan (Docket No. 32) be held in abeyance pending the debtor's filing and notice of objection to claim(s). The Court also ordered the debtor to file the Objection to Proof of Claim no later than August 10, 2017 and to file regular status reports concerning the matter pending before the Tenth Circuit. *See* Docket No. 56.

6. The Motion to Disallow Proof of Claim Number 1 and the Notice were filed August 1, 2017. *See* Docket Nos. 58, 59.

7. On September 28, 2017, the debtor filed a Status Report (Docket No. 64). Paragraph 2 of the Statue Report indicated that the matter was actively under review at the appellate level. A core issue before the Tenth Circuit was whether the Fair Debt Collection Practices Act ("FDCPA") applied to non-judicial foreclosure proceedings (and thus whether the FDCPA applied to the actions of Wells Fargo and McCarthy & Holthus, the law firm representing Wells Fargo in seeking a non-judicial foreclosure).

8. On February 9, 2018, the debtor filed a lengthy status report indicating that the Tenth Circuit had affirmed the ruling of the district court, holding that the FDCPA does not apply to non-judicial foreclosure proceedings. The Status Report also informed the Court that the Debtor had retained counsel to seek further review in the Supreme Court of the United States. *See* Docket No. 70.

9. On May 31, 2018, McCarthy & Holthus filed a Certificate of Contested Matter concerning the debtor's Motion to Disallow Proof of Claim Number 1. *See* Docket No. 74. This was filed the day after the debtor filed his cert.-stage reply in support of the petition seeking Supreme Court review.

10. On June 20, 2018, this Court held a preliminary hearing concerning the debtor's Objection to Proof of Claim Number 1. This Court asked the parties if expert witnesses would be required for the hearing. Counsel for Wells Fargo indicated that they would retain an expert(s). Counsel for the debtor indicated that he would also retain an expert(s).

11. On June 20, 2018, this Court issued a Notice of Evidentiary Hearing, which included deadlines for disclosures and production of documents. The Order scheduled the hearing for August 29, 2018, at 10:00 a.m., along with discovery deadlines for expert witnesses. *See* Docket No. 80.

12. On June 28, 2018, after this Court set a schedule for moving forward with the case, the Supreme Court granted the debtor's certiorari petition. The case is now moving forward in the Supreme Court, with oral argument expected in the Court's January 2019 sitting. (The argument timing was sought at the joint request of all parties at the Supreme Court.)

13. After the Supreme Court granted review, counsel for the parties discussed whether it was appropriate to stay or continue the evidentiary hearing; the

parties also discussed the possibility of settlement. The debtor's counsel informed the creditor's counsel that, in light of the interrelated issues and their predictable effects on this proceeding, the upcoming hearing(s) should be continued until after the Supreme Court's merits disposition.

14. The creditor's counsel indicated that it would oppose any requested extension.

15. The debtor's counsel also inquired if opposing counsel would agree to continuing the evidentiary hearing to allow more time for discovery. Opposing counsel indicated they would object to any continuance and that (contrary to their previous suggestion) they no longer intended to call an expert witness.

16. On July 16, 2018, the debtor filed a Status Report (Docket No. 84), informing this Court of the Supreme Court's order granting review (*see Obduskey v. McCarthy & Holthus LLP, et al.*, No. 17-1307, petition for review granted (U.S. June 28, 2018)). That matter will decide whether the FDCPA applies to non-judicial foreclosure proceedings, including whether McCarthy & Holthus is subject to liability as a debt collector under the Act. *See* Docket No. 84. Although the petition limited its focus to the claims against McCarthy & Holthus, Wells Fargo has exercised its right to participate in the Supreme Court case. The Supreme Court's ultimate decision will affect the rights of tens of thousands of individuals subject to foreclosures annually in the United States.

## ARGUMENT

17. The debtor respectfully submits that a stay is appropriate for multiple reasons.

18. First, the related proceeding now pending before the Supreme Court could have a direct impact on the bankruptcy case. This Court earlier stayed this case simply to see if the certiorari petition would be granted; it follows *a fortiori* that a stay is appropriate now that the case is before the Supreme Court on plenary review.

19. Second, the reason that this Court previously stayed the matter was sound. If the debtor prevails before the Supreme Court, an ultimate victory could lead to increased funds to pay claims (and the mortgage), potentially even obviating the need for the bankruptcy altogether. It could also potentially lead to unwinding certain actions taken in violation of the FDCPA. The uncertainty (and the debtor's potential recovery) counsels in favor of a reasonable pause to let the Supreme Court process play out.

20. And the alternative makes little sense: there is no reason for the parties and the Court to waste substantial time and resources litigating an issue that may be mooted once the appeal is finally resolved.

21. Third, the equities plainly favor a stay. The creditor had no problem with a stay while the case was pending on appeal—including when there was merely

22. a prospect (not a certainty) of Supreme Court review. The creditor's interests are not measurably prejudiced by maintaining the status quo now.

23. And the true reason for the sudden switch-in-position is transparent. The creditor is apparently trying to use the bankruptcy case to manipulate the atmospherics of the Supreme Court case. The creditor could have moved forward at any time while the petition was pending, but it apparently agreed a stay was appropriate. This 11th-hour switch is neither fair nor sound, and it should be rejected.

WHEREFORE, the debtor prays this Honorable Court grant his motion to stay the case and continue the evidentiary hearing scheduled for August 29, 2018 (concerning the debtor's Objection to Proof of Claim Number 1) until after the Supreme Court has issued a decision. In the alternative, the debtor requests that the Court extend the discovery deadlines and continue the hearing to a later date.

Dated: July 19, 2018

/s/ Jane M. Roberson, Esq.
Jane M. Roberson, #30543
720 South Colorado Blvd. - #630-South
Denver, CO 80246
303-893-0833  Fax: 303-431-0633
e-mail: Roberson@JustAskJane.com
Counsel to Debtor

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 19, 2018, a true and correct copy of the MOTION TO STAY THE CASE AND CONTINUE THE HEARING ON THE OBJECTION TO THE PROOF OF CLAIM SCHEDULED FOR AUGUST 29, 2018
And proposed form of order was served on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's local rules:

Douglas B. Kiel, Esq. Chapter 13 Trustee via CM/ECF ecfmail@denver13.com
Attorney Holly R. Shilliday via CM/ECF bknotice@mccarthyholthus.com
Attorney Ilene Dell'Acqua via CM/ECF bknotice@mccarthyholthus.com

Dennis K. Obduskey
132 Wagon Tongue Road
Bailey, CO 80421

/s/Jane M. Roberson, Esq.