UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| In re:<br><br>Dennis K. Obduskey,<br>Debtor | Case No. 16-17141-JGR<br><br>(Chapter 13)<br><br>**Honorable Judge Joseph G. Rosania Jr.** |
|---|---|

**RESPONSE TO MOTION TO STAY THE CASE AND CONTINUE THE HEARING ON THE OBJECTION TO PROOF OF CLAIM SCHEDULED FOR AUGUST 29, 2018**

Wells Fargo Bank, N.A., ("Secured Creditor"), by and through its attorneys of record, McCarthy & Holthus, LLP, hereby submits the following Response to the Motion to Stay the Case and Continue the Hearing on the Objection to Proof of Claim Scheduled for August 29, 2018 ("Motion") (Docket 85) filed by Debtor Dennis Obduskey ("Debtor"):

1. Debtor failed to properly Notice this Motion per L.B.R. 9013-1. No notice was filed and served as required by Rule 9013-1, nor was the motion served on all creditors and parties-in-interest. The Motion should be denied for improper notice.

2. Debtor has not shown good cause for the continuance. The instant bankruptcy case was filed on July 19, 2016, over two years ago, and the objection to Secured Creditor's claim has been pending for approximately one year.

3. The Debtor's Fourth Amended Chapter 13 Plan was filed on June 15, 2017, and Secured Creditor objected to the Fourth Amended Chapter 13 Plan on or about July 5, 2017. Debtor does not have a confirmed plan, and appears disinterested in confirming a plan. It appears the Debtor's goal is to delay the proceedings as long as possible and is not a legitimate effort to reorganize under the Bankruptcy Code.

4. Secured Creditor is entitled to receive payments pursuant to the Promissory Note which matures on June 1, 2037, and is secured by a Deed of Trust on the subject property commonly known as 132 Wagon Tongue Road, Bailey, CO 80421.

5. Secured Creditor filed a Proof of Claim on August 3, 2016, at Claim #1 (the "Proof of Claim"). The pre-petition arrears owed to Secured Creditor as of the date of filing of Debtor's bankruptcy petition, as listed in the Proof of Claim, are $194,845.32.

6. Debtor is not making post-petition payments to Secured Creditor. Debtor is making minimal payments to the Chapter 13 Trustee.

7. The Tenth Circuit Court of Appeals affirmed dismissal of Debtor's claims against Secured Creditor and McCarthy & Holthus LLP (the "Firm") on January 19, 2018.

8. On or about March 13, 2018, Debtor filed his Petition for Writ of Certiorari (the "Petition") with the United States Supreme Court (the "Court"). The Petition was filed as to Firm only and the narrow question addressed in the Petition is whether pursuing a non-judicial foreclosure itself amounts to debt collection under the Fair Debt Collection Practices Act (the "FDCPA").

9. Debtor did not appeal the Tenth Circuit order affirming the dismissal of his claims against Secured Creditor.

10. The Certificate of Contested Matter with respect to Debtor's Objection to Claim was filed on May 31, 2018. The Scheduling Conference was held on June 20, 2018, and the matter was set for an evidentiary hearing on August 29, 2018. Debtor's counsel agreed with the dates in the scheduling order.

11.     The Supreme Court granted certiorari on June 28, 2018, almost a month after Secured Creditor filed the Certificate of Contested Matter and asked the Court to proceed with the Debtor's Objection to Secured Creditor's Claim.

12.     The outcome of the appeal to the Supreme Court will not materially affect the bankruptcy case and will not eliminate the need for bankruptcy.

13.     The Supreme Court will only address one basis for rejecting the FDCPA claim against the Firm: namely, that its activity was not debt collection at all. Even if Debtor wins in the Supreme Court, therefore, it does not mean Debtor will ultimately prevail on his claim against the Firm.

14.     In the underlying lawsuit against Secured Creditor and the Firm, Debtor alleged the Firm did not respond to Debtor's request for debt validation and continued to collect on the debt before providing verification. Debtor's letter to the Firm indicated he was represented by attorney Steven Hill. Attached hereto as Exhibit 1 is a true and correct copy of the correspondence to the Firm by Debtor.

15.     The Firm sent a debt verification to Steven Hill, the Debtor's attorney. The letter contained the information required by 15 U.S.C.S. § 1692g. In fact, if the Firm was a "debt collector" engaged in debt collection as Debtor alleges, it was required to communicate only with Debtor's attorney, rather than directly with Debtor, upon learning that Debtor was represented by counsel. *See* 15 U.S.C.S. § 1692c.

16.     Between the time of the request for debt validation and the Firm's debt verification to Mr. Hill, it dismissed the Rule 120 motion and withdrew the non-judicial foreclosure sale. Attached hereto as Exhibits 3 and 4 are the Withdrawal of the Notice of Election and Demand for Sale and the Order Dismissing the Rule 120 Order.

17. Accordingly, even if the Supreme Court rules that non-judicial foreclosure activity is itself debt collection under the FDCPA, Debtor will not be awarded damages because the Firm provided the debt verification in accordance with the FDCPA.

18. Secured Creditor is not "racing" ahead or trying to "change the atmospherics" of the Supreme Court case. The objection to claim has been pending since August 10, 2017, and was filed by Debtor, presumably to obtain some determination of the validity of Secured Creditor's lien on the property. However, it now appears Debtor himself is seeking to "kick the can down the road" and remain in bankruptcy indefinitely while he enjoys the protections of the automatic stay without any real effort to reorganize his debts.

19. It appears the crux of Debtor's objection to claim is standing. Secured Creditor intends to present the original Note to the Court at the upcoming hearing on August 29, 2018. Secured Creditor already provided Debtor an opportunity to examine the original note at the office of the Firm.

20. Debtor alternatively seeks an extension of the discovery deadlines and to continue the hearing date but fails to include any information to support the request. Debtor has not indicated what discovery needs to be completed or why a continuance is necessary. The Motion is devoid of any factual basis for relief.

Based on the foregoing, Secured Creditor requests the Court to deny Debtor's Motion, in its entirety.

Dated this 2nd day of August, 2018.

                                                McCarthy & Holthus, LLP

By: */s/ Holly Shilliday*
     Holly Shilliday, Esq. Atty. Reg. No. 24423
     Ilene Dell'Acqua, Esq. Atty. Reg. No. 31755
     7700 E. Arapahoe Road, Ste. 230
     Centennial, CO 80112
     Telephone: (877) 369-6122
     E-mail: hshilliday@McCarthyHolthus.com;

Attorneys for Wells Fargo Bank, N.A.