# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

IN RE:      Dennis Obduskey                          CHAPTER 13
                                                  Case No.: 16-17141 JGR

_____

## REPLY IN SUPPORT OF THE MOTION TO STAY THE CASE AND CONTINUE THE HEARING ON THE OBJECTION TO THE PROOF OF CLAIM SCHEDULED FOR AUGUST 29, 2018

_____

Dennis Obduskey, the debtor in this action, hereby submits this limited reply in support of his motion to stay the proceedings and continue the upcoming hearing on the debtor's objection to the proof of claim.

Wells Fargo's Response barely engages the core substance of the Debtor's motion. As the Debtor explained, this Court had sound reasons for staying proceedings while the Debtor's case was pending before the federal appellate courts, and no one complained about that stay until now. If the stay was appropriate to see if the Supreme Court would grant review, the merits of a stay are obvious now that review has been granted.

Moreover, the Debtor's case could give rise to a considerable judgment, which itself could obviate the need for the bankruptcy. While Wells Fargo wants to skip ahead and litigate the merits of the underlying FDCPA claims, suffice it to say that those claims will be litigated at the appropriate time, and a judgment from those claims will be entered in due course. It makes little sense to plow ahead in Chapter 13 while a parallel case could result in a judgment that permits the Debtor to satisfy his outstanding debts.

Nor, for that matter, does Wells Fargo explain the sudden urgency in deciding the same issue that it knew existed for well over a year. The only likely explanation is an undue attempt to influence the atmospherics of the Supreme Court case or unduly pressure the Debtor. Until review was granted, Wells Fargo was content to let the process play out, as it plainly should. Nothing material has changed that warrants its last-minute switch in position.

Instead of grappling with these critical points, Wells Fargo instead aims at the capillaries. It quibbles with the Debtor's method of noticing this motion, yet fails to identify any conceivable prejudice to anyone. Wells Fargo was plainly aware of the relief sought and the claims at issue, and it fails to explain how any interested party lacked appropriate notice. Even assuming any error exists, it is no reason to alter the status quo.

And Wells Fargo suggests that no further discovery is necessary. Yet the Debtor has consistently maintained that additional evidence is required to determine the validity of Wells Fargo's proof of claim. It is in the best interest of everyone to have accurate information, and there is no prejudice to a modest delay (even assuming a stay is somehow inappropriate) in order to develop the arguments. The Debtor has been working diligently, with limited resources, to develop all the information necessary for the Court to make a correct decision; and the Debtor has discovered material evidence casting significant doubt on Wells Fargo's claim of title. A short amount of additional time will permit the Debtor to bring that

information to the Court's attention.

These are all sufficient reasons to continue the stay that the Court has properly kept in place before now.  But to the extent it is useful, the Debtor also responds in detail to Wells Fargo's contentions:

1.      As to the allegation in paragraph one of the Response, the only other creditor in this case is the Internal Revenue Service.

2.      The Debtor denies the allegation in paragraph two of the response. The Debtor has shown good cause for the continuance. The good cause being that the Debtor has a case pending before the U.S. Supreme Court that could materially affect the economics of the bankruptcy.

3.      In addition to the response to paragraph two, the Objection to the Proof of Claim was filed July 19, 2016. The reasoning behind the filing of the Certificate of Contested Matter appears questionable.  Wells Fargo could have filed the Certificate of Contested Matter at any time, but did not file it until May 31, 2018, one day after the debtor filed his cert.-stage reply in support of the petition seeking Supreme Court review.

4.      The allegations in paragraph three ring hollow.  Wells Fargo has had a hand in "delaying" the proceedings. Wells Fargo is aware that the debtor does not have a confirmed plan because this Court ordered that the confirmation of the plan be held in abeyance until the 10th circuit case was concluded. In addition, Wells Fargo could have chosen to file the Certificate of Contested Matter concerning the Objection to Proof of Claim at any time and chose not to do so.

5.      The debtor denies the assertion in paragraph four that Wells Fargo is entitled to receive payments on a Promissory Noted and that it is secured by a Deed of Trust on the Debtor's residence. The Debtor filed the objection to the proof of claim because Wells Fargo has not adequately demonstrated that it has a secured claim. The reasons for this are listed in the objection.

6.      The debtor denies the assertion in paragraph five, for the same reasons as paragraph 4. As of the date of this  response, Wells Fargo has not provided evidence that it is the creditor in this case. The debtor has requested copies of the closing documents to his mortgage but counsel for Wells Fargo has not responded.  These are the issues that will be litigated at the appropriate time, at least if the parallel proceedings (now before the Supreme Court) do not eliminate the need for the bankruptcy.

7.      As for paragraph 6, the pertinent issue is whether Wells Fargo is a legitimate creditor, not whether the Debtor is making certain payments.

8.      Debtor neither admits or denies the allegation of paragraph 7 as the Court documents speak for themselves. However, the Tenth Circuit never addressed the issue of whether or not Wells Fargo was the actual creditor, which is the subject of the Debtor's objection to the proof of claim.

9.      The Debtor denies the allegations in paragraph 9. The Tenth Circuit did not

address the issue of whether or Wells Fargo was the actual creditor

10.     Debtor counsel admits paragraph 10. However, at the time the undersigned agreed to the dates the status of the appeal was not known. In addition, as stated in the motion to continue, further investigation revealed that documents were missing which the debtor is still in the process of locating.  The Debtor retained an expert to examine these documents, and the expert's report is forthcoming.

11.     No response to paragraph 11 is required, as the record speaks for itself .

12.     The debtor denies the allegation in paragraph 12.  Wells Fargo alleges that the outcome of the appeal to the Supreme Court will not "materially affect bankruptcy case and will not eliminate the need for bankruptcy". If the debtor prevails before the Supreme Court, an ultimate victory could lead to increased funds to pay claims (and the mortgage), potentially even obviating the need for the bankruptcy altogether. It could also potentially lead to unwinding certain actions taken in violation of the FDCPA. The uncertainty (and the debtor's potential recovery) counsels in favor of a reasonable pause to let the Supreme Court process play out.

13.     The Debtor denies the allegations in paragraph 13 for the same reasons indicated in the above paragraph.  If the debtor prevails before the Supreme Court, an ultimate victory could lead to increased funds to pay claims (and the mortgage), potentially even obviating the need for the bankruptcy altogether. It could also potentially lead to unwinding certain actions taken in violation of the FDCPA. The uncertainty (and the debtor's potential recovery) counsels in favor of a reasonable pause to let the Supreme Court process play out.

14.     The Debtor denies the allegations contained in paragraph 14.  The Debtor's former counsel made numerous attempts to obtain documentation from Wells Fargo. The information received from Wells Fargo was inconsistent with Well Fargo's pleadings in the underlying case.  For example, Wells Fargo asserted as recently as January 19, 2017 in court filings that it has never been the creditor and is only the services of the loan, which is held by Freddie Mac.  As a result, there is good reason to believe that Wells Fargo has not fully provided the requested information.

15.     The bulk of the remainder of Wells Fargo's response constitutes an attempt to litigate the validity of the Debtor's underlying FDCPA claims.  The proper venue for such a debate is in federal court after the Supreme Court reverses the Tenth Circuit's decision dismissing the Debtor's claims.  For now, suffice it to say that (i) the Tenth Circuit noted the Debtor's allegations stated a viable claim, *assuming* the defendants were debt collectors; and (ii) none of these allegations are material to whether Wells Fargo is an actual creditor.

16.     The Debtor denies the allegations in paragraph 19.  The debtor was allowed to review the documents, but was not allowed to take photos.  Wells Fargo should allow the note to be reviewed by an expert.

17.     The debtor denies the allegation of paragraph 20.  The debtor is entitled to a fair and full hearing in which he can present his case.  Debtor hired an expert who determined that the case was more complex than anticipated and identified a concrete basis for seeking

additional discovery. In addition, Counsel for Wells Fargo represented they would forward the entire file to undersigned counsel. When undersigned counsel asked for copies of the closing documents (which were not included in the file), Counsel for Wells Fargo did not respond. More time is needed to complete discovery to ensure the Debtor has a fair hearing. Even without a stay, a continuance is plainly required.

WHEREFORE, the debtor prays this Honorable Court grant his motion to stay the case and continue the evidentiary hearing scheduled for August 29, 2018 (concerning the debtor's Objection to Proof of Claim Number 1) until after the Supreme Court has issued a decision. In the alternative, the debtor requests that the Court extend the discovery deadlines and continue the hearing to a later date.

Dated: August 9, 2018

/s/ Jane M. Roberson, Esq.
Jane M. Roberson, #30543
720 South Colorado Blvd. - #630-South
Denver, CO  80246
303-893-0833  Fax: 303-431-0633
e-mail:  Roberson@JustAskJane.com
Counsel to Debtor

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 9, 2018, a true and correct copy of the REPLY IN SUPPORT OF MOTION TO STAY THE CASE AND CONTINUE THE HEARING ON THE OBJECTION TO THE PROOF OF CLAIM SCHEDULED FOR AUGUST 29, 2018
 And proposed form of order was served on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's local rules:

    Douglas B. Kiel, Esq. Chapter 13 Trustee via CM/ECF ecfmail@denver13.com
    Attorney Holly R. Shilliday via CM/ECF bknotice@mccarthyholthus.com
    Attorney Ilene Dell'Acqua via CM/ECF bknotice@mccarthyholthus.com

Dennis K. Obduskey
132 Wagon Tongue Road
Bailey, CO 80421

                                        /s/Jane M. Roberson, Esq.